JEFFREY D. DINTZER (State Bar No. 139056)
CHARLES W. COX (State Bar No. 162854)
GREGORY S. BERLIN (State Bar No. 316289)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone:    213-576-1000
Facsimile:    213-576-1100
Email:    jeffrey.dintzer@alston.com
          charles.cox@alston.com
          greg.berlin@alston.com

MEREDITH JONES KINGSLEY (GA State Bar No. 793726) *(Pro Hac Vice)*
VICKIE CHUNG RUSEK (GA State Bar No. 487697) *(Pro Hac Vice)*
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424
Telephone:    404-991-7000
Facsimile:    404-881-7777
Email:    meredith.kingsley@alston.com
          vickie.rusek@alston.com

Attorneys for Plaintiffs
FIVE POINT HOLDINGS, LLC
and CP DEVELOPMENT CO., LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CPHP DEVELOPMENT, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-01485-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ADVISORY JURY PURSUANT TO RULE 39; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION; PROPOSED ORDER**<br><br>Trial Date: December 8, 2025<br>Courtroom: 11<br>Judge: Hon. James A. Donato |

FIVE POINT HOLDINGS, LLC, et al.,                    Case No.3:20-cv-01480-JD

       Plaintiffs,

    v.

UNITED STATES OF AMERICA, et al.,

       Defendants.

---

FIVE POINT HOLDINGS, LLC, et al.,                    Case No. 3:20-cv-01481-JD

       Plaintiffs,

    v.

TETRA TECH, INC., et al.,

       Defendants.

1

### NOTICE OF MOTION

2    Please take notice that on November 20, 2025, or as soon thereafter as this matter may be

3    heard by the Honorable Judge Donato for the United States District Court for the Northern

4    District of California, located at 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San

5    Francisco, California, Plaintiffs move the Court, pursuant to Federal Rule of Civil Procedure

6    39(c)(1), for an order authorizing the jury who will decide Plaintiffs' jury claims against

7    Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc., to serve as an advisory jury to the Court on

8    Plaintiffs' non-jury claims against Defendant United States of America, which will be tried

9    simultaneously.

10    Plaintiffs' motion is based on this Notice, the accompanying Memorandum of Points and

11   Authorities, the pleadings and records on file, and such further evidence and argument as the

12   Court may consider.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. **INTRODUCTION**

As this Court has recognized, juries provide "the paramount mechanism for dispute resolution in our federal judicial system." *In re Google Play Store Antitrust Litigation*, 3:21-md-02981-JD (N.D. Cal. July 23, 2021), Dkt. No. 67 at 2.  This is a compelling case for an advisory jury because a jury of San Franciscans will be empaneled to receive evidence and decide disputed facts concerning Plaintiffs' claims against Defendant Tetra Tech.  Without additional burden, those same citizens can assist the Court in deciding Plaintiffs' Federal Tort Claims Act ("FTCA") causes of action against Defendant United States.  Plaintiffs' claims against Defendants Tetra Tech and the United States concern the same operative facts, overlapping witnesses, and many of the same or similar exhibits.  While this Court retains authority to decide Plaintiffs' claims against the United States, asking the same jury to make findings on similar issues promotes consistency and efficiency, and provides the Court with the benefit of the community's input on matters of public importance.

## II. **BACKGROUND**

Plaintiffs Five Point and Lennar are, respectively, a developer of master planned communities and a residential developer with vested development rights and ownership rights in the land at Hunters Point Naval Shipyard ("HPNS").  At trial, Plaintiffs will prove that:

- Defendant United States hired Defendant Tetra Tech to remediate Hunters Point Naval Shipyard of radiological contamination;

- Defendant United States negligently monitored Defendant Tetra Tech and Defendant Tetra Tech's work in violation of the United States' mandatory duties and other duties not susceptible to policy determinations;

- Without meaningful oversight, Defendant Tetra Tech perpetrated extensive fraud, negligence, and other misconduct in radiological investigation and remediation, including falsification of soil samples, data manipulation, data duplication, document falsification, scan-speed manipulation, and procedural violations, which it attempted to cover up and minimize;

- Tetra Tech's misconduct has called into question the quality of all of its data and conclusions;

- Defendant United States negligently failed to adequately detect and respond when it learned about Defendant Tetra Tech's misconduct; and

- Defendants Tetra Tech's and the United States' individual and collective misconduct caused substantial delay in transfer and development of property at Hunters Point Naval Shipyard, measurable stigma to Plaintiffs' businesses, and non-speculative economic harm to Plaintiffs.

Plaintiffs demanded and are entitled to a jury trial on all claims against Defendant Tetra Tech. Defendant Tetra Tech asserts numerous affirmative defenses, including statute of limitations, which will also be tried to a jury. Plaintiffs' claims against the United States arise under the FTCA, which provides that such claims must ultimately be decided by the Court.

This case is set for trial in this Court on December 8, 2025. The parties have litigated the common factual issues—data integrity, regulatory responses, supervisory roles, and causation of delay and stigma—through motion practice, expert discovery, and depositions. Given the substantial overlap in factual issues between the jury-triable claims against Defendant Tetra Tech and the non-jury claims against Defendant United States, an advisory jury would efficiently assist the Court in resolving the same factual questions the jury will already be asked to resolve.

**III.    LEGAL STANDARD**

Federal Rule of Civil Procedure 39(c)(1) provides that in an action not triable of right by a jury, "the court, on motion or on its own: (1) may try any issue with an advisory jury." *See also Adams v. United States*, 658 F.3d 928, 930 (9th Cir. 2011) (allowing an advisory jury verdict against the federal government); *Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431, 1438 (9th Cir. 1983).

Importantly, the FTCA does not overrule or limit Rule 39 and does not prohibit the use of an advisory jury in such cases. To the contrary, district courts have broad discretion to utilize advisory juries, including in FTCA actions or cases involving the United States, to aid fact-finding on disputed issues. *See Stingley v. Raskey*, No. A95-0242, 1995 U.S. Dist. LEXIS 17649, at *22

(D. Alaska Nov. 17, 1995) ("Rule 39(c), Federal Rules of Civil Procedure, permits the use of advisory juries in all actions not triable of right by a jury. Claims under the FTCA fit within this provision.") (internal quotations removed); *Kaniff v. United States*, 351 F.3d 780, 784 (7th Cir. 2003) (allowing "an advisory jury against the United States [on] non-constitutional tort claims under the Federal Tort Claims Act"); *Birnbaum v. United States*, 588 F.2d 319, 321, 334–35 (2d Cir. 1978) (approving of advisory jury empanelment in FTCA case).

An advisory jury's verdict is nonbinding and persuasive only; the Court retains full and final authority over findings of fact and conclusions of law. *See, e.g.*, *Tucker v. Cascade Gen., Inc.*, No. 09-1491-AC, 2011 U.S. Dist. LEXIS 123317, at *26 (D. Or. Oct. 24, 2011) ("Rules 38 and 39 permit district courts to exercise discretion to utilize an advisory jury whose opinion is nonbinding on the court."); *A. M. L. v. Cernaianu*, CV12-06082, 2013 U.S. Dist. LEXIS 198374, at *6 (C.D. Cal. Nov. 12, 2013) (explaining in an FTCA case that "[t]he Court [could] consider the non-jury claims as being submitted to the jury on an advisory basis"); *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071 (5th Cir. 1985). Advisory jury empanelment does not violate the FTCA's requirement that the Court remain the ultimate "the sole and final decision-maker" in FTCA cases. *Hamm v. Nasatka Barriers, Inc.*, 166 F.R.D. 1, 3 (D.D.C. 1996) ("An advisory verdict has no force, other than persuasive, on the court, which remains the sole and final decision-maker."). Rather, advisory jury empanelment in FTCA cases is well-supported by authority emphasizing consistency, efficiency, and the value of community input on disputed facts.

IV.   **ARGUMENT**

A.    **The factual issues underlying the claims against Tetra Tech and the United States are inextricably intertwined.**

The core factual disputes in this case are similar for both Defendants: the adequacy and integrity of Defendant Tetra Tech's radiological work; the scope and significance of the alleged data falsification; the sequence and substance of Defendant United States' supervision, oversight, and responses; and the causation and extent of delay and stigma to the Hunters Point Naval Shipyard redevelopment. Although the causes of action are different, Plaintiffs' allegations against

- 4 -

Defendant United States emanate from and track the same events, personnel, documents, and regulatory interactions that define the claims against Defendant Tetra Tech.  The proof and credibility assessments—across fact and expert witnesses—will be materially identical for both sets of claims.  Against this backdrop, an advisory jury offers the Court the benefit of the community's common-sense assessment of these disputes after hearing the same evidence and instructions presented for the claims against Tetra Tech.

This case will require the Court to resolve contested issues of intent, knowledge, credibility, and causation—quintessentially fact-intensive determinations for which a jury is particularly effective.  *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905-RMW, 2008 WL 350638, at *3 (N.D. Cal. Feb. 2, 2008) (empaneling an advisory jury where, for among other reasons, the "evaluation of [the plaintiff's] fraud claim involves judgments of credibility for which a jury is particularly suited").  Where, as here, overlapping factual issues pervade jury and non-jury claims, courts often employ advisory juries to promote consistent fact-finding, enhance efficiency, and serve as an "optional aid" to the Court's fact-finding function without infringing sovereign interests or judicial authority.  *Shields of Strength v. U.S. Dep't of Def.*, No. 6:21-cv-00484, 2024 WL 5103412, at *4 (E.D. Tex. Dec. 13, 2024) (quoting *Hamm*, 166 F.R.D. at 3).  *See also Bhatnagar v. United States*, No. 14-cv-00327, 2017 U.S. Dist. LEXIS 25664, at *1-2 (N.D. Cal. Feb. 23, 2017) ("District courts in several circuits have used advisory juries in FTCA cases upon finding one would be helpful and appropriate, most frequently when a jury already would be required because the plaintiff also asserted claims against a non-governmental defendant.") (collecting cases); *Tucker*, 2011 U.S. Dist. LEXIS 123317, at *28 ("The court concludes that there is benefit from an advisory jury in the claims Plaintiffs and Cascade General allege against the United States because Plaintiffs' injuries arose from one fact pattern where Cascade General, the United States, or both may be liable for Plaintiffs' damages, if any."); *McKinney v. Gannett Co.*, 817 F.2d 659, 674 (10th Cir. 1987) (affirming district court's use of advisory jury in case "not triable to a jury as of right"); *Shields of Strength*, 2024 WL 5103412, at *4 ("Denial of the power to use an advisory jury in such a case, or in any case, seems to be a misreading of Rule 39(c).")

- 5 -

(citing 9 Wright & Miller's Federal Practice & Procedure § 2335 (4th ed. 2024) (citation modified)).

Because advisory verdicts are persuasive and nonbinding, an advisory jury could provide the Court with a well-informed perspective on intertwined issues without diminishing the Court's ultimate authority to decide causes of action against the United States. *See, e.g.*, *Shields of Strength*, 2024 WL 5103412, at *4. This preserves the structure of FTCA adjudication while giving the Court a valuable, contemporaneous gauge of the jury's view on the same factual matrix.

**B.     Empaneling an advisory jury creates efficiencies and entails minimal additional burden in this case.**

Advisory juries promote consistent fact-finding on common questions, reduce the risk of conflicting determinations across claims arising from the same conduct, and aid the Court's resolution of disputed factual issues central to the FTCA claims without diminishing judicial authority. In short, the advisory procedure leverages the jury trial to assist the Court on the claims against Defendant United States at virtually no incremental burden. If not asked to render advisory findings with respect to the United States, the jury may understandably be confused about why it sat through evidence concerning Defendant United States.[1]

Plaintiffs propose that the special verdict form advise the Court on each element of each claim against Defendant United States. With respect to Plaintiffs' negligence claims, for example, the verdict form would ask if Defendant United States owed Plaintiffs a duty of care, whether it breached that duty of care, whether any breach caused Plaintiffs' harm, and the extent of that harm. The jury will be asked similar questions with respect to Plaintiffs' negligence claims against Defendant Tetra Tech.

Likewise, for Plaintiffs' negligent interference claims, the special verdict form would ask whether the Plaintiffs have an economic relationship with third parties and whether Defendant United States was reasonably aware of such relationships, whether Defendant United States knew

---

[1] We recognize the Court can mitigate that risk through appropriate instructions, but we respectfully submit that the risk of confusion and irritation cannot be eliminated in its entirety through an instruction under the circumstances.

that relationship would be disrupted if it failed to act with reasonable care, whether Defendant United States failed to act with reasonable care, and whether any such failure caused economic harm to Plaintiffs. Again, the jury will be asked similar questions with respect to Plaintiffs' negligent interference claim against Defendant Tetra Tech.

After the jury answers those questions, the Court would have the benefit of the jury's wisdom on all parties and claims and could then exercise its authority as the ultimate decision-maker on the FTCA causes of action. *See In re Google Play Store Antitrust Litigation*, 3:21-md-02981-JD (N.D. Cal. July 23, 2021), Dkt. No. 68 at 16:3-4 (emphasizing that "juries do a fantastic job," and that "[t]here is no case that is too hard for them").

**C.    The use of an advisory jury will enhance consistency, fairness, and public confidence in the adjudication of a matter of significant community importance.**

The Hunters Point Naval Shipyard remediation and redevelopment are matters of substantial public interest. The Court's exercise of discretion to empanel an advisory jury will promote the perceived legitimacy and fairness of the proceedings, demonstrating that the same evidence and factual disputes were evaluated both by a jury of the community and by the Court. *See Bruce v. Kelly*, 2024 WL 63890, at *2 (D. Kan. 2024) (advisory jury can help a court "get some appreciation for the common sense or standard of the community") (quoting 9 Wright & Miller's Federal Practice & Procedure § 2335 (4th ed. 2024)). This alignment reduces the risk of perceived inconsistency and supports confidence in the outcome—especially where Plaintiffs allege systemic misconduct with consequences for public health, environmental stewardship, and neighborhood development.

**V.    <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs respectfully request that the Court exercise its discretion under Federal Rule of Civil Procedure 39(c)(1) to empanel an advisory jury on Plaintiffs' claims against the United States.

- 7 -

1

Dated: October 16, 2025

ALSTON & BIRD

By: */s/ Jeffrey D. Dintzer*

2

3

JEFFREY D. DINTZER
*Attorney for Plaintiffs FIVE POINT HOLDINGS
LLC, CP DEVELOPMENT CO., LLC*

4

5

6

Dated: October 16, 2025

O'MELVENY & MYERS LLP

By: */s/ David Marroso*

7

8

DAVID MARROSO
*Attorney for Plaintiffs CPHP DEVELOPMENT,
LLC; HPS DEVELOPMENT CO., LP; HPS1
BLOCK 50, LLC; HPS1 BLOCK 51, LLC; HPS1
BLOCK 53, LLC; HPS1 BLOCK 54, LLC; HPS1
BLOCK 55, LLC; HPS1 BLOCK 56/57, LLC, AND
LENNAR CORPORATION*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] ORDER

Having considered Plaintiffs' Motion under Federal Rule of Civil Procedure 39(c)(1) to Empanel an Advisory Jury on Plaintiffs' Claims Against the United States, and good cause appearing, the Motion is GRANTED. The Court will empanel the jury to try the claims against Tetra Tech, Inc. and Tetra Tech EC, Inc. and to serve in an advisory capacity on specified factual issues material to Plaintiffs' claims against the United States. The Court will confer with the parties regarding the form of special verdicts or interrogatories to solicit the advisory jury's findings.

IT IS SO ORDERED.

Dated: _____  __, 2025            By: _____

HONORABLE JAMES A. DONATO
*United States District Judge*

- 9 -

**Civil Local Rule 5-1(i)(3) Attestation**

Pursuant to Local Rule 5-1(i)(3), I, Jeffrey Dintzer, the ECF filer of this document, hereby attest that I obtained concurrence in the filing of this document from each of the other signatories.


Date: <u>October 16, 2025</u>

By: <em>/s/ Jeffrey D. Dintzer</em>

Jeffrey D. Dintzer

1

**CERTIFICATE OF SERVICE**

2

3        I, Josie Cisneros, certify and declare as follow:

4        1.       I am over the age of 18 and not a party to this action.

5        2.       My business address is 350 South Grand Avenue, 51st Floor, Los Angeles, CA

6    90071.

7        3.       I certify that on October 16, 2025, I electronically filed the document(s) described

8    below and that they are available for viewing and downloading from the Court's CM/ECF system.

9    All participants in the case are registered CM/ECF users and service will be accomplished by the

10   CM/ECF system.

11   **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ADVISORY JURY PURSUANT**

12   **TO RULE 39; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

13   **MOTION; PROPOSED ORDER**

14       I declare under penalty of perjury under the laws of the United States that the forgoing is

15   true and correct.

16       Executed on October 16, 2025, at Los Angeles, California.

17

18                                     _/s/   Josie Cisneros_
                                       Josie Cisneros

19

20

21

22

23

24

25

26

27

28